| | |
|---|---|
| One (1) University Plaza, Suite 408<br>Hackensack, New Jersey 07601<br>Telephone: (646) 749-8014 | Admitted New York and New Jersey<br>maionelawoffices.com |

**Law Offices of Louis J. Maione**
303 East 57th Street, 30th Floor
New York, New York 10022

Telephone: (917) 549-5693
Email:louisjmaione3@gmail.com

RECEIVED
JUL 01 2019
Chambers of
Honorable Susan D. Wigenton

Respond to NJ ☐

NY ☒

June 28, 2019

**By Electronic Transmittal**
Hon. Susan D. Wigenton, U.S.D.J.
United States District Court
  for the District of New Jersey
Martin Luther King Building
50 Walnut Street
Newark, New Jersey 07101

      **Re:**   *Schiff Food Products Co., Inc. v. Turer Bitkisel Uretim Hayvancilik, Insaat,*
            *Su Urunleri, Orman Urunleri Tarim Gida Sanayi ve Ticaret Anonim Sirketi*
            *d/b/a Turer Bitkisel A.S. Tepecik Mah., et al.*, Case No. 18-cv-09017 (D.N.J.)

Dear Judge Wigenton:

      I have been retained within the last few days by defendant, Turer Bitkisel Uretim Hayvancilik Insaat Su Urunleri Orman Urunleri Tarim Gida Sanayi ve Ticaret Anonim Sirketi d/b/a Turer Bitkisel Uretim A.S. *sued herein as* Turer Bitkisel Uretim Hayvancilik, Insaat, Su Urunleri, Orman Urunleri Tarim Gida Sanayi ve Ticaret Anonim Sirketi d/b/a Turer Bitkisel A.S. Tepecik Mah., ("Turer") in connection with the above referenced matter. I write respectfully to request an adjournment of the submission date for the motion for a default judgment ("Motion") by plaintiff Schiff Food Products Co., Inc. ("Plaintiff"), returnable on July 1, 2019.

      Turer is a company incorporated under the laws of Turkey, with its only office located in Izmir, Turkey. Its principal and representatives have been greatly prejudiced by their unfamiliarity with the U.S. legal system and burdened by a language barrier. Turer has also only recently located and retained Petek Gunay, Esq., a colleague of mine and a native Turkish

speaker herself who is admitted to practice before the New York bar and the bars of the U.S. District Courts for the Southern and Eastern Districts of New York, and asked that her firm Gunay Law, P.C. and I jointly represent Turer in this matter (subject to this Court's granting of a contemplated *pro hac vice* motion for Ms. Gunay).

A cursory review of certain documents in Turer's possession and those filed in this action indicate, *inter alia*, that there are multiple grounds based on which Plaintiff's application must be denied, some of which grounds may in fact require dismissal. Among other things, there appear to be serious questions as to the jurisdiction of this Court to enter such judgment, to wit: the contracts on which the claims against Turer are predicated ( Contract Nos. 242076, 242557 and 242597, hereinafter "Contracts") are subject to mandatory arbitration before the American Spice Trade Association ("ASTA"). Perhaps even more significantly, we understand that the claimed service on Turer may have been made improperly and fraudulently by luring Turer's principal into this jurisdiction under false pretenses.[1] Notably, Plaintiff's application is not supported by any documentary evidence of the alleged service, nor does Plaintiff appear to have previously submitted any such evidence to this Court; instead having rested on conclusory allegations made in two separate attorney declarations [Attorneys Christopher Van Gundy and Joseph Boury] that Plaintiff "effectuated personal service … on Turer through its principal, Mr. Ozer Turer, while he was visiting New Jersey." ECF No. 7, par. 3; *accord* ECF No. 15 at par. 3. In this case, the word "visit" appears to be a stretch by any standard.

In addition, Turer appears to have multiple meritorious defenses to Plaintiff's underlying claims, some of which Turer attempted to assert in its now stricken answer. Among other things, evidence indicates that, a) there is no privity of contract between Plaintiff and Turer as the Contracts are between Turer and a third party, A.A. Sayia & Company, Inc.; b) in the Contracts, Turer expressly disclaimed any responsibility concerning the composition of the product to be delivered, stating that it was "not guaranteed to pass FDA or meet ASTA specifications", and excluded from each of the Contracts a standard ASTA contract provision that would have provided similar warranties regarding composition; and c) the claim that Turer and defendant Celsan Ithalat Ihracat ve Ticaret Limited Sirketi ("Celsan") are alter egos of each other (based on which Plaintiff requests that Turer be held liable for damages alleged to be due from Celsan) is a complete fabrication.

Accordingly, I respectfully request an adjournment of the Motion to give Ms. Gunay and I sufficient time properly to review all relevant documents and to fully investigate the underlying facts so that we can prepare and submit opposition to Plaintiff's Motion, instead of having to move for a vacatur of an eventual default judgment, in the event one is awarded. In the interim, we would also submit to the court a *pro hac vice* application for Ms. Gunay to make an appearance in this matter. I respectfully request a three week of extension of time, through July 22, 2019 to submit such opposition. It is respectfully submitted that the requested adjournment would not prejudice Plaintiff; to the contrary, giving the undersigned time properly to address Turer's defenses would prevent a waste of both party and judicial resources.

I am available for a telephone conference or a Court appearance on Monday afternoon in the event the Court wishes to conduct one. While we understand Ms. Gunay would not be able to

---

[1] As Your Honor is aware, Turer attempted unsuccessfully to defend itself in this litigation by filing a answer to Plaintiff's complaint on a *pro se* basis which was subsequently stricken. ECF Doc. No. 4.

participate in her capacity as counsel for Turer until and unless she is granted *pro hac vice* admission, Ms. Gunay will also make herself available to assist the Court with any inquiries.

Thank you for your time and indulgence with this application.

Respectfully yours,
*Louis J. Maione*
Louis J. Maione

cc: P. Gunay, Esq.

Extension granted until July 22, 2019

So Ordered this ___ day of July 2019

Susan D. Wigenton, U.S.D.J.